**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

ARDRIA CLARK, as next friend, and on behalf
MARION GREEN MARSHALL, and MARION
GREEN MARSHALL,

Case No.: 2:24-cv-14068-JEM

                        Plaintiffs,

                                                        **MEMORANDUM OF LAW**
                                                        **IN SUPPORT OF MOTION TO**
        -against -                                      **DISMISS ALL CLAIMS AGAINST**
                                                        **DEFENDANT MARCUS LETT**

GARY, WILLIAMS, PARENTI, WATSON,
GARY & GILLESPIE, P.L.L.C. d/b/a GARY,
WILLIAMS, PARENTI, WATSON AND
GARY, P.L.L.C., WILLIE E. GARY, KOBIE
O. GARY, and MARCUS LETT,

                        Defendants.
_____/

Plaintiffs ARDRIA CLARK, as next friend, and on behalf of MARION GREEN

MARSHALL, and MARION GREEN MARSHALL submits this Memorandum of Law in support

of her motion under Rule 41(a)(2) of the Federal Rules of Civil Procedure to dismiss their claims

against Marcus Lett.

**PRELIMINARY STATEMENT**

After reviewing the results of discovery and discussions with Defendant Marcus Lett,

Plaintiffs have concluded that he did not make the false misrepresentations set forth in paragraphs

5, 29-30, 51, and 53-54 of the Complaint. Those allegations, which assert that Lett threatened

Plaintiffs with prosecution by the FBI and prison time unless they returned litigation they received

for an underlying products liability action, are the sole basis for the three claims asserted against

Mr. Lett. Those claims are:

        a)      The fraud claim set forth in the Complaint's Third Claim for Relief;

        b)      The bad faith claim set forth in the Fourth Claim for Relief; and

c)      The request for punitive damages set forth in the Fifth Claim for Relief.

Plaintiffs therefore move to dismiss those claims against Mr. Lett. This motion does not seek dismissal of any claims against the other defendants, Gary, Williams, Parenti, Watson, Gary & Gillespie PLLC, Willie E. Gary, and Kobie O. Gary (collectively, the "Gary Defendants").

The Gary Defendants do not consent to this motion, although they have not asserted any crossclaims against Mr. Lett and the time for doing so elapsed eight months ago, on August 1, 2025. As set forth in more detail below, dismissal of Plaintiffs' claims against Mr. Lett therefore cannot possibly prejudice the Gary Defendants.

## STATEMENT OF FACTS

The relevant facts are those relating to the Complaint's allegations against Defendant Marcus Lett. Those allegations are set forth in paragraphs 29 and 30 of the Complaint:

29.     Horrified by the prospect of criminal prosecution and the possibility of a prison term, Ardria and Ms. Marshall called Lett, who made the same representations as [Defendant] Kobie [Gary], *i.e.*, unless the [litigation funding] funds were returned, the FBI would arrest them, charge them with criminal fraud and other crimes, and seek prison terms of several years. Ardria and Ms. Marshall immediately arranged to wire transfer the $230,000 [in received litigation funding] that day, March 14, 2019, pursuant to the instructions Lett provided.

30.     In fact, Kobie's and Lett's representations were false. Under the terms of the litigation funding contracts, Ms. Marshall was entitled to retain the funds until and unless she obtained a recovery in Gary's anticipated product liability actions.

Complaint [ECF 1] at ¶ 29-30.

As set forth in the Preliminary Statement, however, discovery and discussions with Mr. Lett have led Plaintiffs to conclude that Mr. Lett did not make those false representations. In fact, Plaintiffs believe that Kobie Gary and/or Willie Gary enlisted someone else to impersonate Mr.

Lett and that impersonator confirmed the false threats and representations made by Kobie Gary.

*See* Griffith Dec. ¶ 3; Lett Declaration at ¶ 3.

## ARGUMENT

### THE CLAIMS AGAINST DEFENDANT
### MARCUS LETT SHOULD BE DISMISSED

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> Except as provided in Rule 41(a)(1) [where the plaintiff dismisses the action before an answer or motion for summary judgment is filed, or all parties consent], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2).

In this action, Defendant Lett has not pleaded a counterclaim against Plaintiffs. Nor has the Gary Defendants pleaded a counterclaim against Defendant Lett and the deadline for pleading such a crossclaim expired on August 1, 2025. *See* Order Setting Trial and Pretrial Schedule and Order of Referral to Mediation [ECF 52] at § 8 (August 1, 2025 deadline for joinder of additional parties and amend pleadings).

"Rule 41(a) permits voluntary dismissals of individual parties in multi-defendant suits." *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1037 (11th Cir. 2023) ("Rule 41(a) permits voluntary dismissals of individual parties in multi-defendant suits.") (citing *Plains Growers v. Ickes-Braun Glass Houses*, 474 F.2d 250, 253 (5th Cir. 1973) (plaintiffs are "entitled to a dismissal against one defendant under Rule 41(a), even though the action against another defendant would remain pending")); *Rosell v. VMSB, LLC*, 67 F.4th 1141 (2023) ("in a multi-defendant lawsuit, an 'action' can refer to all the claims against one party").

3

Where, as here, other defendants do not consent but have not asserted counterclaims against the plaintiff or crossclaims against the defendant to be dismissed, voluntary dismissals should generally be granted unless the objecting defendant will suffer clear legal prejudice. *See*, *e.g.*, *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (2001) ("[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice") (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-857 (11th Cir.1986)); *Greenberg v. Centurion Inv. Group, Inc.*, 145 F.R.D. 610, 612 (1993) ("[Voluntary] dismissals are generally granted unless a defendant will suffer plain legal prejudice.) (citing *McCants*, 781 F.2d at 856–57; *Le Compte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976); and *Moldovan v. Remington Arms Co.*, 113 F.R.D. 141, 142 (S.D.Fla.1986)); *Sobe News, Inc. v. Ocean Drive Fashions, Inc.*, 199 F.R.D. 377, 378 (2001) ("In most cases a voluntary dismissal should be granted unless the defendant will suffer some plain prejudice.") (citing *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1502–03 (11th Cir.1991) (citing *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967)).

Here, the Gary Defendants will not suffer any prejudice because they have not asserted any crossclaims against Defendant Lett and the time to do so expired eight months ago, on August 1, 2025. *See* Order Setting Trial and Pretrial Schedule and Order of Referral to Mediation [ECF 52] at § 8 (August 1, 2025 deadline for joinder of additional parties and amend pleadings).

Indeed, the Gary Defendants' refusal to consent to the dismissal of Plaintiffs' claims against Defendant Lett is in bad faith and frivolous. Plaintiffs should therefore be awarded her reasonable attorneys' fees and costs in making this motion.

## CONCLUSION

Plaintiffs' claims against Marcus Lett should be dismissed.

4

Dated: April 1, 2026
     Brooklyn, New York

Respectfully submitted,

THE GRIFFITH FIRM

     /s/ Edward Griffith

By: _____
     Edward Griffith
     (admitted pro hac vice)
77 Sands Street
Brooklyn, New York 11201
(646) 645-3784 (mobile)
eg@thegriffithfirm.com

*Plaintiffs Ardria Clark, as next friend, and on behalf of Marion Green Marshall, and Marion Green Marshall*

**CERTIFICATE OF SERVICE**

On April 1, 2026, I served the forgoing document by filing it using the Court's CM/ECF

filing system, which constitutes service on all ECF-registered parties, which include counsel for

all Defendants in this action.

Dated:          April 1, 2026
                Brooklyn, New York

                                        */s/ Edward Griffith*
                                        _____
                                        EDWARD GRIFFITH