UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No.: 2:24-cv-14068-JEM-SMM

ARDRIA CLARK, as next friend, and on behalf
MARION GREEN MARSHALL, and MARION
GREEN MARSHALL,

Plaintiffs,

v.

GARY, WILLIAMS, PARENTI, WATSON,
GARY & GILLESPIE, P.L.L.C., et al.,

Defendants.

_____/

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS CLAIMS AGAINST MARCUS LETT

COMES NOW, Defendants Gary, Williams, Parenti, Watson, Gary & Gillespie, P.L.L.C., Willie E. Gary, and Kobie O. Gary (collectively, the "Gary Defendants"), by and through undersigned counsel, hereby file this Opposition to Plaintiffs' Motion to Dismiss Claims Against Marcus Lett pursuant to Rule 41(a)(2), and state as follows:

## I.    INTRODUCTION

Plaintiffs seek to voluntarily dismiss Defendant Marcus Lett after alleging, in detail, that he engaged in fraud and coercion that formed the sole basis of Plaintiffs' claims relating to the return of litigation funding. Now, during the course of ongoing litigation, Plaintiffs now reverse course and attempt to remove Mr. Lett from the case entirely while maintaining identical fraud-based claims against the remaining Defendants.

This strategic shift would cause substantial legal prejudice to the Gary Defendants. Plaintiffs' allegations were expressly premised on joint conduct by Mr. Lett and Defendant Kobie

Gary. By dismissing Mr. Lett, Plaintiffs improperly attempt to eliminate a central participant in the alleged events and reframe the case to impose sole liability on the Gary Defendants. For the reasons set forth below, the Motion should be denied, or alternatively, granted only upon conditions that preserve Defendants' rights.

## II.     LEGAL STANDARD

Under Rule 41(a)(2), a court may grant voluntary dismissal "on terms that the court considers proper." The Eleventh Circuit has held that such dismissal should not be permitted where it would result in "clear legal prejudice" to the opposing party. See *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Legal prejudice exists where dismissal would strip a defendant of a valid defense, alter the litigation posture in a fundamentally unfair way, or deprive the defendant of the ability to allocate fault to other responsible parties.

## III.     ARGUMENT

### A.     DISMISSAL OF LETT WOULD CAUSE CLEAR LEGAL PREJUDICE UNDER RULE 41(a)(2)

Under Rule 41(a)(2), a voluntary dismissal should generally be granted unless the defendant will suffer "clear legal prejudice." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). The central inquiry is whether the defendant would lose any "substantial right" as a result of the dismissal. *Id.* However, *Pontenberg* does not stand for the proposition that dismissal is automatic or appropriate in all circumstances. Rather, the Eleventh Circuit emphasized that courts must examine the specific equities of each case and determine whether dismissal would impair a defendant's ability to defend the action in a meaningful way. Where dismissal would alter the structure of the case or deprive a defendant of a substantive defense, denial or conditioning of the motion is appropriate.

This case falls outside the general rule articulated in *Pontenberg* because Plaintiffs seek to dismiss a central participant in the alleged misconduct, thereby fundamentally altering the allocation of liability and impairing Defendants' ability to present a full and fair defense.

**B.**     **DISMISSAL WOULD MATERIALLY ALTER THE STRUCTURE OF THE CASE AND SHIFT LIABILITY**

Plaintiffs' Complaint alleges that Defendant Marcus Lett and Defendant Kobie Gary jointly engaged in fraudulent conduct that caused Plaintiffs to return substantial litigation funding. Those allegations are not peripheral.  They form the core of Plaintiffs' fraud-based claims.

By seeking to dismiss Mr. Lett while continuing to pursue the same claims against the Gary Defendants, Plaintiffs attempt to remove a central actor from the case and recast the alleged misconduct as the sole responsibility of the remaining Defendants. This is not a routine dismissal of a peripheral party; it is a strategic effort to restructure the case.

Unlike in *Pontenberg*, where the dismissal did not alter the substantive posture of the litigation or the defendant's ability to defend the claims, dismissal here would directly impact the allocation of fault and the factual narrative presented to the jury. The Gary Defendants would be forced to defend against allegations originally premised on joint conduct without the presence of the co-defendant alleged to have participated in that conduct.  Such a shift constitutes clear legal prejudice because it deprives Defendants of the ability to defend the case as originally pleaded and materially changes the nature of the claims.

**C.     DISMISSAL WOULD IMPAIR DEFENDANTS' ABILITY TO PRESENT COMPARATIVE FAULT AND CAUSATION DEFENSES**

Mr. Lett's role in the events at issue is central to the issues of causation, reliance, and responsibility. Even under Plaintiffs' revised theory, Mr. Lett remains a key figure in the litigation funding transaction and the communications surrounding the return of funds. Removing Mr. Lett as a party would impair Defendants' ability to present a complete defense, including arguments regarding comparative fault, alternative causation, and the actions of third parties. While Plaintiffs may contend that Mr. Lett can still be referenced as a non-party, dismissal materially diminishes Defendants' ability to develop and present those defenses through party discovery and trial presentation.  This constitutes the loss of a substantial right within the meaning of *Pontenberg*, as it affects the manner in which Defendants may defend against the claims and allocate responsibility for the alleged conduct.

**D.     DISMISSAL IS PREMATURE GIVEN THAT DISCOVERY IS ONGOING**

Plaintiffs seek dismissal at a time when discovery remains ongoing and the factual record concerning Mr. Lett's role has not been fully developed. No depositions have been taken regarding his involvement, and Defendants have not had a full and fair opportunity to explore the basis for Plaintiffs' revised position.

Permitting dismissal at this stage would deprive Defendants of critical discovery from a central participant in the alleged events and would allow Plaintiffs to narrow their claims before those claims have been subjected to meaningful testing.

This timing further distinguishes this case from *Pontenberg*, where the court found no impairment of substantive rights despite the advanced stage of the litigation. Here, the prejudice arises not from timing alone, but from the combination of premature dismissal and the removal of a key actor before the facts have been fully developed.

### E.      PLAINTIFFS' REVERSAL OF POSITION UNDERSCORES THE PREJUDICE

Plaintiffs previously alleged that Mr. Lett personally made fraudulent statements that caused them to return litigation funding. Plaintiffs now contend that he did not make those statements and instead suggest that an unidentified individual may have impersonated him. Allowing dismissal under these circumstances would permit Plaintiffs to abandon specific allegations against a named defendant while preserving the same claims against others, without requiring them to fully explain or support their revised theory. This creates an unfair litigation advantage and increases the risk that Defendants will be forced to defend against a shifting and untested narrative.

### F.      ALTERNATIVELY, ANY DISMISSAL SHOULD BE CONDITIONED TO PREVENT PREJUDICE

If the Court is inclined to grant Plaintiffs' Motion, it should do so only upon conditions that mitigate the prejudice to Defendants. Such conditions should include preserving Defendants' ability to assert that Mr. Lett bears responsibility for the events at issue, permitting full discovery from Mr. Lett as a non-party, and precluding Plaintiffs from taking inconsistent positions regarding his involvement.

These conditions are consistent with the Court's broad discretion under Rule 41(a)(2) and are necessary to ensure that Defendants do not lose substantial rights as a result of the dismissal.

### IV.      CONCLUSION

Plaintiffs' attempt to dismiss Defendant Marcus Lett at this stage of the litigation would result in clear legal prejudice to the Gary Defendants by altering the structure of the case and impairing key defenses.

Accordingly, the Motion should be denied. Alternatively, it should be granted only subject to conditions that preserve Defendants' rights.

Respectfully submitted.

**THE EMANUEL FIRM, P.A.**

By: */s/ Charles E. Emanuel, Jr., Esq.*
**Charles E. Emanuel, Jr., Esq.**
Florida Bar No. 0913391
1200 Hillcrest Street, Suite 300
Orlando, FL 32803
Tel: (407) 412-7376
Email: charles@theemanuelfirm.com
Attorney for Defendants Gary Law Firm, Willie E. Gary
and Kobie Gary

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

*/s/ Charles E. Emanuel, Jr., Esq.*
**Charles E. Emanuel, Jr., Esq.**