**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

ARDRIA CLARK, as next friend, and on behalf of MARION GREEN MARSHALL, and MARION GREEN MARSHALL,

Plaintiffs,

-against-

GARY, WILLIAMS, PARENTI, WATSON, GARY & GILLESPIE, P.L.L.C. d/b/a GARY, WILLIAMS, PARENTI, WATSON AND GARY, P.L.L.C., WILLIE E. GARY, KOBIE O. GARY, and MARCUS LETT,

Defendants.
_________________________________/

Case No.: 2:24-cv-14068-SMM

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO THE GARY DEFENDANTS' MOTION FOR RETROACTIVE EXTENSION OF TIME AND TO ACCEPT REVISED ANSWER [ECF 109]**

Plaintiffs ARDRIA CLARK, as next friend, and on behalf of MARION GREEN MARSHALL, and MARION GREEN MARSHALL, respectfully submit this memorandum in opposition to the Motion for Retroactive Extension of Time and to Accept Revised Answer [ECF 109] (the "Motion") filed by Defendants Gary, Williams, Parenti, Watson, Gary & Gillespie, P.L.L.C., Willie E. Gary, and Kobie O. Gary (the "Gary Defendants" or "Defendants").

## PRELIMINARY STATEMENT

Eleven days ago, the Court excused Defendants' twenty-month failure to answer the Complaint, set two short deadlines, and "emphasize[d] that this ruling does not excuse future noncompliance." [ECF 107 at 3]. Defendants missed both deadlines. They now ask the Court to excuse that noncompliance too, on the ground that the Order went to an email account they did not monitor. But the account is the one counsel registered with CM/ECF, counsel had access to it throughout, and counsel's own exhibit was printed from it this morning. The neglect the Motion

describes is not excusable, and the Court should not grant a second extension after expressly warning that it would not.

## BACKGROUND

1. On October 31, 2026, the Court granted in part Defendants' Motion for Leave to File Answer Out of Time [ECF 89]. [ECF 107]. The Court found that counsel's failure to calendar the original answer deadline was "troubling," that "[t]his was not an isolated instance of delay," and that Defendants "have also missed deadlines and delayed filings elsewhere in this litigation." [*Id*. at 1]. The Court required Defendants to file a revised Answer within four calendar days, by November 4, 2026, and a supplemental memorandum of no more than five pages on the Second and Sixth Affirmative Defenses within seven calendar days, by November 9, 2026. [*Id*. at 6 ¶¶ 2–3]. The Court warned that its ruling "does not excuse future noncompliance." [*Id*. at 3].

2. The Notice of Electronic Filing for the Order shows that it was electronically mailed on October 31, 2026 at 4:03 p.m. to Defendants' counsel at admin@theemanuelfirm.com, and it lists no one to whom electronic notice was not delivered. [Ex. 1]. Five minutes later, the Court denied the parties' Joint Motion for Leave to Complete Remote Depositions of Former Gary Firm Employees [ECF 106], which defense counsel had reviewed, revised, and approved the day before. [ECF 108]. That notice went to the same address. [Ex. 2].

3. Defendants filed nothing by either deadline and did not move to extend either one. At 8:30 a.m. on November 10, 2026, Plaintiffs' counsel emailed defense counsel that the deadlines had passed and that Plaintiffs intended to move for relief. [Ex. 3]. Defense counsel telephoned Plaintiffs' counsel at 8:37 a.m. and asked Plaintiffs to consent to a late Answer. Plaintiffs declined. Defendants filed the Motion at 11:20 a.m. and, two minutes later and without leave, filed a Revised Answer and Affirmative Defenses. [ECF 109; ECF 110].

4. The Motion attributes the missed deadlines to "an avoidable breakdown in office notification and docket-monitoring procedures during a staffing transition." [ECF 109 ¶ 7]. Counsel's declaration states that the admin@theemanuelfirm.com account "was monitored by my former assistant, who no longer works in my office beginning October 16, 2026," and that he did not receive the Order "in my primary email account." [ECF 109-1 ¶¶ 3–4]. The declaration does not say when counsel learned of the Order, how he learned of it, or that the Order was not in the admin account.

5. The declaration describes its Exhibit A as the September 30, 2026 Notice of Electronic Filing for ECF 97. [*Id.* ¶¶ 2, 4]. The exhibit actually attached is the October 30, 2026 Notice of Electronic Filing for ECF 104, printed from the admin@theemanuelfirm.com account at 10:30 a.m. on November 10, 2026. [ECF 109-1, Ex. A].

## ARGUMENT

### I. DEFENDANTS HAVE NOT SHOWN EXCUSABLE NEGLECT.

A court may extend an expired deadline only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The inquiry considers "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996). Clients are accountable for the acts and omissions of their chosen counsel. *Pioneer*, 507 U.S. at 396–97.

*Reason for the delay.* The reason was entirely within counsel's control, and the Motion concedes as much. [ECF 109 ¶¶ 3, 7]. The Court sent the Order to the address counsel registered

and kept on file with CM/ECF. [Ex. 1]. Counsel did not lose access to that account when his assistant left: his own exhibit was printed from it on the morning he filed the Motion. [ECF 109-1, Ex. A]. By counsel's account, he knew from October 16 that no one was reading the account to which every notice in this case was sent, yet he neither changed his registration nor checked the docket for three and a half weeks. During that period, he was actively litigating. On October 30 he negotiated and approved the joint deposition motion, and the order denying it the next day went to the same account. [ECF 106; ECF 108; Ex. 2]. A lawyer awaiting a ruling on his own motion, with an answer motion pending, had every reason to look. The declaration does not say when or how counsel learned of the Order, and the record indicates that he acted only after Plaintiffs' counsel raised the missed deadlines on November 10. [Ex. 3].

*Prior warning and pattern.* This is not a first lapse judged in isolation, as Defendants urge. [ECF 109 ¶ 9]. The Court granted the earlier extension after finding a pattern of missed deadlines and expressly cautioned that its ruling "does not excuse future noncompliance." [ECF 107 at 1, 3]. Defendants then missed the first deadlines the Court set. A party that receives an extension conditioned on prompt compliance, and then does not comply, has not shown excusable neglect a second time.

*Prejudice and impact on the proceedings.* Discovery is closed, dispositive motions are due November 16, 2026, and trial is set for March 15, 2027. [ECF 58; ECF 108]. Plaintiffs' Motion for Partial Summary Judgment [ECF 73] has been fully briefed on a record in which no Answer was on file. Defendants now ask to file their memorandum on the Second and Sixth Affirmative Defenses on November 15, 2026, a Sunday and the day before the dispositive-motion deadline. [ECF 109 ¶ 10]. Granting that request would reopen the pleadings while the summary judgment

record is closing and would require Plaintiffs to respond to new defensive theories on the eve of the deadline. That is the prejudice the Court's deadlines were designed to prevent.

*Candor of the supporting declaration.* The declaration describes an exhibit that is not the exhibit attached. [ECF 109-1 ¶¶ 2, 4 & Ex. A]. The exhibit that is attached shows that the account received notices in late October and remained accessible to counsel. A movant seeking an equitable extension bears the burden of an accurate showing, and Defendants have not made one.

## II. THE COURT SHOULD DENY THE REQUESTED EXTENSION FOR THE SUPPLEMENTAL MEMORANDUM AND RULE THAT THE SECOND AND SIXTH AFFIRMATIVE DEFENSES ARE NOT AVAILABLE.

The Court reserved ruling on the Second and Sixth Affirmative Defenses because it could not determine on the record whether Plaintiffs had notice of their factual bases or whether they could be litigated without more discovery, and it gave Defendants seven days to make that showing. [ECF 107 at 4–5, 6 ¶ 3]. The Motion offers no reason the five-page memorandum could not have been filed on time and does not preview its contents. Discovery is now closed. [ECF 108]. The Court should deny the request and rule that Defendants may not assert the Second or Sixth Affirmative Defenses. *See* Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(ii).

## III. IN THE ALTERNATIVE, ANY ANSWER ACCEPTED SHOULD BE HELD TO RULE 8(b).

The Order permitted an Answer "revised as necessary to comply with Rules 8(b)(4) and 11(b)(4)." [ECF 107 at 6 ¶ 2]. The Revised Answer does not do so. It repeatedly denies only that allegations are "necessarily" true, without admitting or denying the substance. [*E.g.*, ECF 110 ¶¶ 4, 31, 43]. It also claims to lack knowledge of matters within the Gary Defendants' own knowledge, such as Ms. Marshall's condition during Willie Gary's visit. [*Id.* ¶ 20]. A party that intends to deny only part of an allegation "must admit the part that is true and deny the rest," and

an allegation that is not denied is admitted. Fed. R. Civ. P. 8(b)(4), (6). If the Court accepts the Revised Answer, Plaintiffs request that it deem admitted each allegation to which the Revised Answer responds only with a qualified denial of that kind.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny the Motion [ECF 109] in its entirety; rule that the Gary Defendants may not assert the Second or Sixth Affirmative Defenses; and, if the Court accepts the Revised Answer [ECF 110] in any respect, deem admitted the allegations to which it responds only with qualified denials. Plaintiffs have separately moved to strike the Revised Answer as filed without leave. Plaintiffs do not seek to delay any deadline or the March 15, 2027 trial date.

Dated: November 10, 2026
Miami, Florida

THE PIVNIK LAW FIRM

By: /s/ Jerome A. Pivnik
Jerome A. Pivnik, Esq.
(Fla. Bar No. 400408)
7700 N. Kendall Dr., Suite 703
Miami, Florida 33156
(305) 670-0095
pivniklaw@aol.com

Of Counsel:

THE GRIFFITH FIRM, PLLC
Edward Griffith (admitted pro hac vice)
77 Sands Street
Brooklyn, New York 11201
eg@thegriffithfirm.com
(646) 645-3784 (mobile)

*Counsel for Plaintiffs Ardria Clark, as next friend, and on behalf of Marion Green Marshall, and Marion Green Marshall*

**CERTIFICATE OF SERVICE**

On November 10, 2026, I served the foregoing document by filing it using the Court's CM/ECF filing system, which constitutes service on all ECF-registered parties, which include counsel for all Defendants in this action.

Dated: November 10, 2026
Miami, Florida

*/s/ Jerome A. Pivnik*

JEROME A. PIVNIK