**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

ARDRIA CLARK, as next friend, and on behalf of MARION GREEN MARSHALL, and MARION GREEN MARSHALL,

Plaintiffs,

-against-

GARY, WILLIAMS, PARENTI, WATSON, GARY & GILLESPIE, P.L.L.C. d/b/a GARY, WILLIAMS, PARENTI, WATSON AND GARY, P.L.L.C., WILLIE E. GARY, KOBIE O. GARY, and MARCUS LETT,

Defendants.
__________________________________/

Case No.: 2:24-cv-14068-SMM

**PLAINTIFFS' OPPOSITION TO THE GARY DEFENDANTS' MOTION TO ACCEPT REVISED ANSWER AND WITHDRAW PROPOSED AFFIRMATIVE DEFENSES [ECF 116]**

Plaintiffs ARDRIA CLARK, as next friend, and on behalf of MARION GREEN MARSHALL, and MARION GREEN MARSHALL, respectfully submit this opposition to the Gary Defendants' Motion to Accept Revised Answer at DE 110, Withdraw Pending Request to Assert Proposed Second and Sixth Affirmative Defenses, and Discharge Related Memorandum Requirement [ECF 116] (the "Motion").

## I. THE MOTION IS AN IMPERMISSIBLE SUR-REPLY DISGUISED AS A NEW MOTION.

1. The Motion asks the Court to "grant the Answer-acceptance relief sought in DE 109" and accept the Revised Answer [ECF 110] as timely. [ECF 116 at 5–6]. It "expressly incorporate[s] paragraphs 3 through 9 of DE 109" as its grounds. [*Id.* at 5]. That request is already fully briefed. [ECF 109; ECF 111; ECF 113; ECF 115]. The Motion is, in substance, a sur-reply on ECF 109, which the Local Rules do not permit without leave. S.D. Fla. L.R. 7.1(c)(1). It also violates the Order of October 31, 2026, which provides that "[n]o additional submissions

concerning the Second or Sixth Affirmative Defense are permitted without leave of Court." [ECF 107 at 6 ¶ 3]. Defendants did not seek leave first; they ask for it inside the Motion, "to the extent leave is required." [ECF 116 at 6].

2. The Motion adds nothing to the excusable-neglect showing. Defendants concede that withdrawing the two defenses "does not, by itself, … excuse the missed Answer deadline," that counsel "accepts responsibility for the notification and docket-monitoring breakdown," and that the earlier finding of excusable neglect does not "automatically excuse[] this separate lapse." [*Id.* at 2, 5]. For the reasons stated in Plaintiffs' prior submissions, the request to accept ECF 110 should be denied. [ECF 111; ECF 112; ECF 115].

3. The Motion also abandons Defendants' offer of a corrected Answer. Defendants told the Court yesterday that their responses to paragraphs 4, 20, 31, and 43 of the Complaint "can be made more precise." [ECF 113 at 3]. They now ask the Court to accept the "identical DE 110 pleading." [ECF 116 at 6]. If the Court accepts the Revised Answer in any respect, the allegations to which it responds only with qualified denials should be deemed admitted. Fed. R. Civ. P. 8(b)(6); [ECF 111 at 5–6].

## II. THE COURT SHOULD RULE THAT THE SECOND AND SIXTH AFFIRMATIVE DEFENSES MAY NOT BE ASSERTED, RATHER THAN ACKNOWLEDGE A WITHDRAWAL WITHOUT PREJUDICE.

4. The Court reserved ruling on the Second and Sixth Affirmative Defenses and stated that it would decide whether either may be asserted "based on the existing record and Defendants' limited supplemental submission." [ECF 107 at 5]. Defendants did not file that submission. On the existing record, nothing supports either defense: Defendants' discovery responses disclosed no records establishing who received the settlement checks, whether a power of attorney existed, or whether Ms. Marshall executed closing statements. [*Id.* at 4].

5. The Motion does not withdraw the defenses with prejudice. Defendants "do not … agree to withdrawal with prejudice," and they state only that a later request "would require leave of Court." [ECF 116 at 5]. A withdrawal that leaves the door open serves no purpose at this stage. Discovery is closed, dispositive motions are due November 16, 2026, and trial is set for March 15, 2027. [ECF 58; ECF 107 at 6–7]. The Court should resolve the reserved question on the existing record and rule that the Gary Defendants may not assert the Second or Sixth Affirmative Defense. That ruling would make the supplemental-memorandum requirement moot. Plaintiffs do not agree that the requirement should be "discharge[d]," which would suggest that it was satisfied or excused. [ECF 116 at 6].

## III. DEFENDANTS SHOULD NOT BE PERMITTED TO PRESENT THE WITHDRAWN DEFENSES AS DENIALS.

6. While disclaiming the two defenses, the Motion reserves the right to offer evidence "concerning check payees, endorsements, receipt and handling of funds, and the circumstances of the funding return," and to "contest who acted, in what capacity," including through "agency-authority argument[s]." [ECF 116 at 3–4]. Those are the factual theories of the withdrawn defenses: that Ms. Marshall authorized or ratified the distributions, and that someone other than Defendants diverted the funds. [See ECF 107 at 4]. Defendants did not disclose any such evidence in discovery. [*Id.*]. A party that fails to disclose information as required by Rule 26(a) or (e) "is not allowed to use that information … on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

7. Plaintiffs therefore request that any order on the Motion provide that the Gary Defendants may not offer evidence or argument, under any label, that Ms. Marshall or Ms. Clark authorized, consented to, or ratified the distribution of the settlement proceeds, or that a third

party's misconduct caused Plaintiffs' losses, except to the extent supported by information disclosed in discovery.

**IV. THE LOCAL RULE 7.1(a)(3) CERTIFICATION IS INCOMPLETE.**

8. The Motion's certification states that Plaintiffs "expressed no opposition to withdrawal of the proposed Second and Sixth Affirmative Defenses." [ECF 116 at 7]. Plaintiffs' counsel's email of November 11, 2026, at 11:17 a.m., conditioned that position: "No opposition, as long as the withdrawal is with prejudice and stands regardless of how the Court rules on DE 110." Defendants did not respond to that email before filing the Motion. Plaintiffs oppose a withdrawal without prejudice.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny the Motion [ECF 116]; deny ECF 109 and strike the Revised Answer and Affirmative Defenses [ECF 110], for the reasons stated in ECF 111, ECF 112, and ECF 115; rule that the Gary Defendants may not assert the Second or Sixth Affirmative Defense, and that the supplemental-memorandum requirement is moot; bar evidence and argument as stated in Part III; and, if the Court accepts the Revised Answer in any respect, deem admitted the allegations to which it responds only with qualified denials. Plaintiffs do not seek to delay any deadline or the March 15, 2027 trial date.

Dated: November 11, 2026
Miami, Florida

THE PIVNIK LAW FIRM

By: /s/ Jerome A. Pivnik
Jerome A. Pivnik, Esq.
(Fla. Bar No. 400408)
7700 N. Kendall Dr., Suite 703
Miami, Florida 33156
(305) 670-0095
pivniklaw@aol.com
Of Counsel:

THE GRIFFITH FIRM, PLLC
Edward Griffith (admitted pro hac vice)
77 Sands Street
Brooklyn, New York 11201
eg@thegriffithfirm.com
(646) 645-3784 (mobile)

*Counsel for Plaintiffs Ardria Clark, as next friend, and on behalf of Marion Green Marshall, and Marion Green Marshall*

**CERTIFICATE OF SERVICE**

On November 11, 2026, I served the foregoing document by filing it using the Court's CM/ECF filing system, which constitutes service on all ECF-registered parties, which include counsel for all Defendants in this action.

Dated: November 11, 2026
Miami, Florida

*/s/ Jerome A. Pivnik*

JEROME A. PIVNIK